IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIFESCAN, INC.,   No. C 04-3653 SI

        Plaintiff,   **ORDER RE: DISCOVERY**

  v.

ROCHE DIAGNOSTICS CORPORATION,

        Defendant.
                                            /

        The parties have submitted a discovery dispute to the Court for resolution.[1] The parties dispute the propriety of Roche's requests for admissions, which ask Lifescan to apply its proposed claim construction positions to diagrams depicting test strips made by Roche. Lifescan contends that the RFAs are improper because they do not seek admissions as to undisputed facts, but rather seek discovery and legal conclusions. Lifescan further contends that even if the RFAs were somehow permissible, they are premature because the Court has not yet construed the claims. Roche responds that the RFAs are not premature in light of the invalidity and infringement patent disclosures required in this District. Roche also argues that it is entitled to substantive answers to the RFAs because Lifescan conducted essentially the same type of discovery through a Rule 30(b)(6) deposition.

        The Court agrees with Lifescan that Roche's RFAs are improper. "Requests for admission do not serve the same purpose as other discovery because requests for admission are not designed to elicit or discover facts but rather to eliminate issues not really in dispute between parties." Moore's Federal Practice 3d § 36.02[2] (2007). Here, Roche's RFAs go to the heart of the parties' dispute about claim

---

[1] The letter briefs are found at Docket Nos. 81 and 95.

construction, infringement and invalidity. To the extent Roche wished to discover the facts supporting Lifescan's claims, Roche should have utilized interrogatories or depositions. In addition, "requests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper." *Tulip Computers Int'l v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002).

Roche also asserts that Lifescan has refused to collect and produce responsive documents from various third parties. However, Lifescan states that it has fully complied with its obligations, and Lifescan has filed copies of the parties' meet and confer letters in which Lifescan confirmed that it has produced all responsive documents. Based upon this record, Roche has not shown that Lifescan has not complied with its discovery obligations. If appropriate, Roche may renew its motion upon a showing that Lifescan has withheld particular documents.

**IT IS SO ORDERED.**

Dated: July 3, 2007

SUSAN ILLSTON
United States District Judge

2